IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESEE
NORTHERN DIVISION - KNOXVILLE

| | | |
|---|---|---|
| Eliza Boles, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  3:23-cv- 74 |
| CBC, LLC, a Tennessee limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Eliza Boles, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Eliza Boles ("Boles"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed for medical services to Regional Neonatal Associates.

1

4. Defendant, CBC, LLC ("CBC"), is a Tennessee limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant CBC operates a defaulted debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Tennessee.

5. Defendant CBC was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant CBC is authorized to conduct business in Tennessee, and maintains a registered agent here, see, record from the Division of Business Services, attached as Exhibit A. In fact, Defendant conducts extensive business in Tennessee.

**FACTUAL ALLEGATIONS**

7. On July 29, 2022, Ms. Boles filed a Chapter 7 bankruptcy petition in a matter styled In re: Boles, E.D.Tenn.Bankr. No. 3:22-bk-31127-SHB. Among the debts listed on Schedule E/F of Ms. Boles' Bankruptcy Petition was a debt that she allegedly owed for medical services to Regional Neonatal Associates. Both the creditor and Defendant CBC were listed on Ms. Boles' bankruptcy, see, excerpt of Schedule E/F, attached as Exhibit B.

8. Accordingly, on August 1, 2022, CBC was sent notice of the bankruptcy by the Bankruptcy Noticing Center, via electronic transmission, while the creditor was mailed notice on August 3, 2022, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

9. Moreover, on November 10, 2022, Ms. Boles received a discharge of her

2

Case 3:23-cv-00074-CEA-JEM  Document 1  Filed 02/24/23  Page 2 of 8  PageID #: 2

debts, including the Regional Neonatal Associates debt, and on November 10, 2022, CBC was sent notice of the discharge by the Bankruptcy Noticing Center, via electronic transmission, while the creditor was mailed notice on November 12, 2022, see, the Certificate of Service to the Order of Discharge, attached as Exhibit D.

10. Nonetheless, Defendant CBC sent Ms. Boles a collection letter, on December 28, 2022, demanding payment of the Regional Neonatal Associates debt which had been discharged in her bankruptcy. A copy of this collection letter is attached as Exhibit E.

11. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services, and was in CBC's own files.

12. As a result of Defendant CBC's continuing illegal collection actions, Ms. Boles was forced to take an action to her detriment, by taking the time and added expense to have her attorney send Defendant a letter demanding that Defendant stop its collect actions. A copy of this letter, without the enclosure, is attached as Exhibit F.

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and **unfair** debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the way debt collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA

prohibits a debt collector from communicating with a consumer and demanding payment of a debt that a consumer no longer owes and has refused to pay, see, 15 U.S.C. § 1692(c)(c), for example, when the debt is discharged in bankruptcy, while § 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer who is represented by counsel as to her debts, see, 15 U.S.C. § 1692c(a)(2).

15. Moreover, to eliminate deceptive collection practices, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, see, 15 U.S.C. § 1692e. Section 1692e of the FDCPA is rooted in the basic common law principal of fraud; for example, a debt collector may not claim that a debt, which has been discharged in bankruptcy, is still owed.

16. Ms. Boles had been informed by counsel and believed that she had the right to refuse to pay this debt, to demand that collection communications cease, to be represented by counsel as to her debts, to a fresh start via bankruptcy, and a right to privacy – to be left alone about her prior debts.

17. Defendant's collection demands, after she had filed for bankruptcy and had her debts discharged, made Plaintiff believe that her exercise of her rights, through filing bankruptcy, may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Boles' legally-protected right to be left alone, her right to privacy, her right to be represented by counsel, and her right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA.

4

18. Defendant's actions caused Plaintiff to question whether her counsel had done their job, whether this debt was discharged in her bankruptcy, and whether she had the right to be left alone – all of which upset, emotionally distressed, outraged, and alarmed Ms. Boles, and invaded her privacy/right to be left alone.

19. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

20. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Harvey v. Great Seneca Fin.Corp., 453 F.3d 324, 328 (6th Cir. 2006); Cagayat v. United Collection Bureau, Inc., 952 F.3d 749, 757 (6th Cir. 2020).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

23. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, e.g., Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

24. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

27. Here, the bankruptcy and the notices issued by that court provided notice to cease communications and cease collections. By communicating directly with Ms. Boles regarding this debt and demanding payment (Exhibit E), despite her bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

28. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

29. Plaintiff adopts and realleges ¶¶ 1-20.

30. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to their debts and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

31. Defendant was given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with her debts. Accordingly, Defendant

was aware that Plaintiff was represented by an attorney in connection with her debts before it sent out the December 28, 2022, collection letter.

32. By sending the letter directly to Ms. Boles, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

33. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Eliza Boles, prays that this Court:

1. Find that Defendant's collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Eliza Boles, demands trial by jury.

Eliza Boles,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 24, 2023

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson   (TN Bar No. 018397)
Cindy Lawson & Associates, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com